1  MARA W. ELLIOTT, City Attorney
   M. TRAVIS PHELPS, Assistant City Attorney
2  GEORGE F. SCHAEFER, Senior Deputy City Attorney
   California State Bar No. 139399
3       Office of the City Attorney
        1200 Third Avenue, Suite 1100
4       San Diego, California 92101-4100
        Telephone:  (619) 533-5800
5       Facsimile:  (619) 533-5856

6  Attorneys for Defendant CITY OF SAN DIEGO

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10 | T.C, | ) Case No. 23-cv-02225-JO-MMP |
|---|---|
11 | Plaintiff, | ) **DEFENDANTS CITY OF SAN DIEGO'S AND CITY ATTORNEY MARA ELLIOTT'S BRIEF ON *YOUNGER* ABSTENTION** |
12 | v. | |
13 | CITY OF SAN DIEGO, A PUBLIC ENTITY; CHIEF OF POLICE DAVE NISLEIT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AS CHIEF OF POLICE AT SDPD FOR CITY OF SAN DIEGO; MARA W. ELLIOTT, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, AS CITY ATTORNEY FOR CITY OF SAN DIEGO; JESSE ZALDIVAR, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AS SDPD INVESTIGATOR FOR CITY OF SAN DIEGO; JOSHUA H. KAY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AS CITY ATTORNEY FOR CITY OF SAN DIEGO; JEFFREY A. BROOKER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AS CITY ATTORNEY FOR CITY OF SAN DIEGO; PATRICIA MIRANDA, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, AS DEPUTY CITY ATTORNEY FOR CITY OF SAN DIEGO; DOES 1 THROUGH 10, INCLUSIVE, | ) Judge: Honorable Jinsook Ohta<br>) Court Room: 4C<br>) Date: December 15, 2023<br>) Time: 3:30 p.m. |
27 | Defendants. | |

Document:3502396                  1

## I.   INTRODUCTION

Defendants City of San Diego and City Attorney Mara Elliott (Defendants) submit this Brief in compliance with this Court's Order of December 6, 2023. The Defendants were ordered to file on this date, December 13, 2023, briefing regarding Plaintiff's pending request for a preliminary injunction regarding the following: 1) this Court's authority and discretion to enjoin a state court proceeding, specifically addressing *Younger* abstention, and 2) whether the Plaintiff meets the requirements for a preliminary injunction. (ECF Doc. # 3), This Brief is supported by the following: 1) Declaration of the undersigned counsel, George F. Schaefer ("Schaefer Decl."); and 2) Defendants' Request for Judicial Notice (RJN).

## II.   PROCEDURAL HISTORY

Defendant City of San Diego's, through its San Diego Police Department (SDPD), filed an action against the Plaintiff under state law for a Gun Violence Restraining Order (GVRO). The action is styled *San Diego Police Department v. T.C.,* San Diego Superior Court case number 37-2021-00032486-CU-PT-CTL. The San Diego Registrar of Actions (ROA) for this case sets forth in detail the comprehensive history of this GVRO case. (Ex. 1, Defendants' RJN). The GRVO action commenced on July 30, 2021, and has been pending for 866 days. As the ROA reflects, the SDPD filed the GVRO petition under seal. It is the understanding of the undersigned counsel that the GVRO petition remains under seal because Plaintiff adamantly objects to unsealing it.

The Superior Court set a hearing in the GVRO case for December 6, 2023; however, Plaintiff's counsel failed to appear for the hearing and instead filed on that day the Plaintiff's Complaint and Request for Preliminary Injunction in this case (ECF Docs. 1 & 1-2). The failure of Plaintiff's counsel to show up in the GVRO case forced the Superior Court to continue the hearing to January 3, 2023. (Ex. 2, Defendants' RJN).

Unfortunately, Plaintiff has only served a Summons in this case on the City and City Attorney. The remaining Defendants have not been properly served and presumably therefore not appear in this case. (Schaefer Decl. ¶s 4-9; Defendants' RJN, Ex. 3).

### III.   ARGUMENT

As previously noted, this Court requested the parties to brief two issues: 1) this Court's authority and discretion to enjoin a state court proceeding, specifically addressing *Younger* abstention, and 2) whether the Plaintiff meets the requirements for a preliminary injunction. (ECF Doc. # 3). The Defendants address both of these issues separately below following a summary of Plaintiff's Complaint in this case.

#### A.   Plaintiff's Complaint

Plaintiff's Complaint, which includes eight claims against one or more of the Defendants, is based upon what has transpired in the pending GVRO case in the San Diego Superior Court. In his first claim, he seeks equitable relief under 42 U.S.C. section 1983 though a court order enjoining the City from further alleged due process violations stemming from an alleged settlement agreement of the GVRO case, including an order enjoining further proceedings in the GVRO case, He contends the Superior Court has lost all jurisdiction and the assigned judge is not impartial or unbiased. (Complaint at ¶s 65-66). He also seeks declaratory and injunctive relief consisting of removal of "any damaging information under seal" in the pending GVRO case. (*Id.* at ¶ 67).

In the second claim, Plaintiff seeks compensatory and punitive damages under 42 U.S.C. section 1983 for alleged violations of his Fourth and Fourteenth Amendment rights. (*Id.* at ¶s 74-77). The alleged violation of constitutional rights is based on a laundry list of Plaintiff's grievances for what transpired in the GVRO case and a related appeal of an adverse Anti-Slapp decision. (*Id.* at ¶ 73). Listed in the catalogue of grievances are alleged discovery violations and alleged *ex parte* communications by the Defendants with the assigned trial judge. (*Id.*)

In the third claim, Plaintiff also seeks compensatory and punitive damages against all Defendants for alleged selective enforcement of the GVRO law against him in violation of the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at ¶s 79-80). He vaguely asserts that he was retaliated against for hiring counsel since most GVRO respondents are unrepresented. (*Id.* at ¶ 81).

In the fourth claim, Plaintiff alleges the Defendants retaliated against him for exercising his First Amendment rights of bringing an unsuccessful Anti-Slapp motion in the GVRO case. (*Id.* at ¶ 85). The Anti-Slapp motion allegedly related to Plaintiff's private social media speech. (*Id*). Plaintiff asserts the Defendants convinced him to dismiss his appeal of an adverse Anti-Slapp decision in the GVRO and then retaliated against him by violating the terms of settlement agreement in which he agreed to the dismissal in return for the City not seeking a 5-year GVRO injunction. (*Id.* at ¶ 91).

In his fifth claim, Plaintiff asserts a section 1983 violation under a Second Amendment theory. The Complaint states, "[T]he City's improper bad faith was intended to permanently ban his constitutional rights to defend himself in his home." (*Id.* at ¶ 96, lines 22-23).

Plaintiff's six and seventh claims for relief are purely state law claims filed only against the City for alleged breach of the above-mentioned settlement agreement, in which Plaintiff dismissed his appeal of an adverse Anti-Slapp decision. Plaintiff asserts there was also a breach of the covenant of good faith and fair dealing.

And last, Plaintiff in his eighth claim seeks compensatory and punitive damages against all Defendants for intentional infliction of emotional distress. Plaintiff asserts the alleged conduct violated his fundamental civil rights and "will continue to cause him emotional distress in the future if the state court that lacks jurisdiction grants the permanent GVRO." (*Id.* at ¶ 110, lines 8-10).

///

### B.  *Younger* Abstention

In *Younger v. Harris*, 401 U.S. 37, 41 (1971), the United States Supreme Court reversed an injunction against a California District Attorney in which the District Attorney was enjoined from prosecuting an individual who was indicated for violation of the California Penal Code. In reversing the injunction, the Court recognized that there is a national policy forbidding federal courts from staying or enjoining pending state court proceedings except under special circumstances. The Court noted that this policy avoids duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted. *Id.* at 44. The policy is reinforced by the notion of comity—the proper respect for state functions. *Id.*

Following the *Younger* decision, courts have identified important characteristics for recognizing a civil proceeding that resembles a criminal prosecution such that the *Younger* abstention doctrine applies. In *Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d 548 (8th Cir. 2018), the appellate court noted that Younger is only applicable where the state court proceeding qualifies as: 1) a criminal prosecution; 2) a civil enforcement proceeding that is akin to a criminal prosecution, or 3) a proceeding implicating a state's interest in enforcing the orders and judgments of its courts. *Id.* at 552, citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79-80 (2013).

The Ninth Circuit has also articulated a three-part test in determining when a federal court must abstain to avoid interference in a state court civil action. In *M&A Gabaee v. Community Redevelopment Agency of City*, 419 F.3d 1036, 1039 (9th Cir. 2005), this three-part test is as follows; 1) the proceedings must implicate important state interests; 2) there must be ongoing state proceedings; and 3) the federal plaintiff must be able to litigate it federal claims in the state proceedings. *See also Communications Telesystems Intern. v. California Public Utility*, 196 F.3d 1011, 1015 (9th Cir. 1999).  The federal plaintiffs bear the burden of showing that state

procedural law barred presentation of their federal claims. *Nimer v. Litchfield Tp. Bd. of Trustees*, 707 F.3d 699, 701 (2013) citing *Moore v. Sims*, 442 U.S. 415, 430 (1979).

This case meets the *Younger* test for abstention. The state court proceedings, which began in 2021, are ongoing—in fact the next court hearing is set for January 3. The Plaintiff will not be able to meet his burden of showing that there is a state procedural bar preventing him from presenting his federal claims in state court because no such bar exists. In fact, Plaintiff's alleged violations of federally protected rights appear to be grounded in his claim that that the Superior Court in the GVRO case lacks jurisdiction to issue an order enjoining Plaintiff from possessing firearms for five years. If the Superior Court lacks such jurisdiction, Plaintiff was afforded the opportunity under California law to file a writ of prohibition. See Cal. Code Civ. Proc. § 1102.

And last, there can be no question that the GVRO proceeding, which is brought under California Penal Code sections 18100-18200, is quasi-criminal in nature and implicates important state interests. This law sets forth policies and standards that encourages law enforcement officers to seek gun violence restraining orders in appropriate situations to prevent future violence involving a firearm. Cal. Penal Code § 18108 (b). The policies and standards under the law are also designed to prevent access to firearms by persons who, due to mental health issues, pose a danger to themselves or to others by owning or possession a firearm. Cal. Penal Code § 18108 (c). Given the dangers posed by firearms in the wrong hands, this law implicates extremely important state interests.

### C. Requirements for a Preliminary Injunction

Plaintiff seeks a preliminary injunction "barring the City Defendants from attempting to obtain a permanent injunction in the San Diego Superior Court that lacks personal and subject matter jurisdiction over him and the case." (Complaint at ¶ 16). In order to pursue this extraordinary remedy, the Plaintiff, as the moving

party, must establish the following: 1) the likelihood of success of success on the merits; 2) the likelihood of irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Putting aside the issue of whether the Plaintiff's lawsuit must be dismissed on *Younger* abstention grounds, Plaintiff has not established how he is likely to succeed in this federal lawsuit. He filed a Complaint filled with allegations of misconduct by the Defendants and assigned Superior Court state judge but has not presented any *evidence* that would warrant a preliminary injunction, such as transcripts of the GVRO hearings and the pleadings, including the GVRO petition and relevant discovery evidence he complains about. The Defendants acknowledge that the Plaintiff demands that the certain documents remain under seal in state court to protect his privacy and reputation; however, the Plaintiff had the option of requesting leave from this Court to file those same documents under seal in this case in order to support his motion for a preliminary injunction. His concern over his privacy and reputation does relieve him of his burden to present evidence supporting his motion for a preliminary injunction.

Second, Plaintiff cannot show the likelihood of irreparable harm. As previously noted, if the Superior Court lacks personal or subject matter jurisdiction, he has appellate remedies available to him under state law. And, at this point, it is only speculation that the Superior Court will ultimately restrain him from possessing a gun for an additional lengthy period.

Third, the balance of equities is not in Plaintiff's favor. The Plaintiff's GVRO case has been pending for 866 days, yet only now, apparently sensing he is going to lose again in state court, is he seeking a preliminary injunction. If the state court lacked jurisdiction over the Plaintiff for the last 866 days, why is Plaintiff just now seeking a permanent injunction?

///

Last, clearly an injunction is not in the public interest. The state court GVRO proceedings are intended to ensure that the public is protected from persons who pose a danger to themselves or others from having a firearm. A preliminary injunction would remove this vital public safety measure and potentially endanger the public.

### IV.   CONCLUSION

On *Younger* abstention grounds, this Court should dismiss Plaintiff's case for reasons stated, including the fact that Plaintiff is seeking to enjoin a quasi-criminal state court proceeding.

Dated: December 13, 2023        MARA W. ELLIOTT, City Attorney

By   */s/ George F. Schaefer*
George F. Schaefer
Senior Deputy City Attorney
GFSchaefer@sandiego.gov

Attorneys for Defendant CITY OF SAN DIEGO