UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.C.,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a Public Entity; CHIEF OF POLICE DAVE NISLEIT, individually and in his official capacity, as Chief of Police at SDPD for City of San Diego; MARA W. ELLIOTT, individually and in her official capacity, as City Attorney for City of San Diego; JESSE ZALDIVAR, individually and in his official capacity, as SDPD Investigator for City of San Diego; JOSHUA H. KAY, individually and in his official capacity, as City Attorney for City of San Diego; JEFFREY A. BROOKER, individually and in his official capacity, as City Attorney for City of SanDiego; PATRICIA MIRANDA, individually and in her official capacity, as Deputy City Attorney for City of SanDiego; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 3:23-cv-02225-JO-MMP<br><br>**ORDER STAYING SUPPLEMENTAL STATE LAW CLAIMS** |

1

On December 6, 2023, Plaintiff T.C. filed a complaint, alleging eight different causes of action under federal and state law seeking both injunctive relief and monetary damages against the City of San Diego and the following individuals in their individual and official capacity: City Attorneys for the City of San Diego Mara W. Elliott, Joshua H. Kay, Jeffrey A. Brooker, and Patricia Miranda, Chief of Police Dave Nisleit, San Diego Police Department Investigator Jesse Zaldivar, and DOES 1 through 10.  Dkt. 1.

On December 15, 2023, the Court held oral argument. Dkt. 8.  For the reasons stated on the record at the oral argument, the Court dismissed without prejudice Plaintiff's first and fifth claims seeking injunctive relief pursuant to *Younger* abstention principles and stayed Plaintiff's second, third, fourth, and fifth claims requesting monetary damages under 42 U.S.C. § 1983.  Dkt. 9.  At this hearing, the Court took under submission the issue of whether it should dismiss or retain jurisdiction over Plaintiff's state law claims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress (his sixth, seventh, and eighth claims).  *Id.*

After reviewing this matter, the Court has decided to exercise its supplemental jurisdiction over Plaintiff's state law claims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress.  28 U.S.C. § 1367(c).  Because these claims "derive from [the same] common nucleus of operative fact[s]" as Plaintiff's § 1983 claims, the Court exercises its discretion to retain jurisdiction.  *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).  As with Plaintiff's federal claims for damages, the Court will stay these three state law claims pending resolution of the related state court adjudication.  *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (holding that where injunctive relief claims are dismissed due to abstention principles, related "damages actions should be stayed until the state proceedings are completed").

/ / /

/ / /

This case will recommence after the parties have notified the Court of the completion of the state court adjudication.

**IT IS SO ORDERED**.

Dated:  March 13, 2024

_____
Honorable Jinsook Ohta
United States District Judge